FILED
United States Court of Appeals
Tenth Circuit

September 25, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

WASHINGTON KIM,

     Petitioner - Appellant,

v.

BARACK OBAMA; UNITED STATES
DEPARTMENT OF THE ARMY,

     Respondents - Appellees.

No. 15-6118
(D.C. No. 5:15-CV-00607-F)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se and in forma pauperis (IFP), Washington Kim appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Because we conclude Kim has forfeited appellate review, we affirm.

On June 2, 2015, Kim—who says he is a nuclear specialist for the United States Army—filed a complaint in federal district court. Kim's allegations arise from his treatment during basic training and the Army's subsequent refusal to "approve [his] graduation." Complaint, Doc. 1, at 2.

---

[*] After examining Kim's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32; 10th Cir. R. 32.1.

The district court dismissed Kim's complaint under 28 U.S.C. § 1915(e)(2). Specifically, the district court relied on 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require courts to dismiss IFP actions that are frivolous or fail to state a claim. Kim appealed.

Because Kim proceeds pro se, we liberally construe his brief and apply a more forgiving standard than the one we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But pro se parties must follow the same procedural rules that govern other litigants. Thus, we won't act as Kim's advocate by formulating arguments or scouring the record on his behalf. *Id.*

In his opening brief, Kim argues the district court made both factual and legal errors in dismissing his complaint. But Kim offers neither legal authority nor citations to the portions of the record that might support his arguments. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "citations to the authorities and parts of the record on which the appellant relies"). Thus, we decline to address them. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements).

Because Kim has forfeited appellate review by failing to comply with the applicable procedural rules, we affirm the district court's dismissal of his complaint.

Entered for the Court,


Nancy L. Moritz
Circuit Judge


2